STEWART HARTSHORN v. FANNIE M. CLEVELAND AND DeLANCEY CLEVELAND.

1. Under the charter of the city of Rahway, property benefited by a street improvement, for which an assessment may be levied, is encumbered from the time of the completion of the improvement, so that if the property be conveyed with a covenant against encumbrances between such completion and the levying of an assessment, the covenant is broken as soon as made.

2. In an action for damages arising from the breach of a covenant against encumbrances, where the plaintiff has removed the encumbrance, he may recover the amount fairly and justly paid by him for the removal of the encumbrance, not exceeding the value of the estate.

3. In such an action, if the plaintiff shows that the sum paid by him was reasonably necessary to discharge an encumbrance, arising under the charter of the city of Rahway, for a street improvement completed before the covenant was made, his recovery of such sum will not be affected by the fact that an assessment for the improvement, levied after the making of the covenant and still existing at the time of payment, is invalid for non-compliance with the provisions of the charter.

4. Under the circumstances stated, the burden rests on the plaintiff of showing, outside of the assessment, that the sum paid by him was reasonably necessary to discharge the property from its liability for a just and legal share of the expense of the improvement.

On case certified from the Essex Circuit.

The questions arising upon the following facts, determined upon the trial of the above stated cause at the Essex County Circuit Court, are certified to the Supreme Court for its advisory opinion :

Some time prior to September 21st, 1878, the city of Rahway, under the authority given in its charter, had made and fully completed a municipal improvement, consisting of the paving of Milton avenue in said city, from St. George's avenue to the Pennsylvania railroad, with the Ballard lock block wooden pavement, and on the 10th day of September, 1878, the common council of said city, by resolution, ascertained and determined the whole amount of costs and expenses thereby incurred, and directed a just and equitable assessment of the benefits from said improvement to be made by the city surveyor upon the owners of the land and real estate peculiarly benefited thereby.

On September 21st, 1878, Fannie M. Cleveland, one of the defendants, being the owner of a tract of land situated on the northwesterly corner of Milton avenue and Bryant street in said city, fronting on said improvement, by her deed dated and acknowledged on that day, and in which her husband, DeLancey Cleveland, the other defendant, joined, in consideration of $8,000, conveyed said tract of land to the plaintiff, Stewart Hartshorn. Said deed contained a covenant on the part of both the grantors that, at the time of its sealing and

delivery, the land and premises therein described were " not encumbered by any mortgage, judgment or limitation, or by any encumbrance whatsoever," by which the title of the grantee could be " changed, charged, altered or defeated in any way whatsoever," and also the usual covenant of future warranty " against all manner of encumbrances whatsoever." Mr. and Mrs. Cleveland resided on said premises during the making of said improvement and up to the date of their deed. On September 24th, 1878, the city surveyor, having made an assessment, accordingly duly published the same, with a notice that he would give a hearing thereon to the parties interested on October 3d, 1878. He subsequently presented the report of his assessment to the common council with his certificate that it was " a just and equitable assessment of the benefits derived by the owner or owners of all lands and real estate benefited " by said improvements, and that no objections thereto had been presented to him. His report showed an assessment against the tract of land described in said deed of $195, that being at the rate of about $3 a foot. This report the common council subsequently referred to its committee on assessments for revision, and afterwards, by resolution, two-thirds of its elected members voting therefor, concurred in the alterations made by its said committee and confirmed its report, which was as follows :

" Your committee, to whom was referred for revision the certificate of assessment for paving Milton avenue, from St. George's avenue to the Pennsylvania railroad, with Ballard lock block wooden pavement, would recommend the adoption of the following resolution :

"*Resolved* (two-thirds of the whole number of councilmen elected voting therefor), That the certificate of assessment of the city surveyor for paving Milton avenue, from St. George's avenue to the Pennsylvania railroad, with the Ballard lock block wooden pavement, be altered and corrected as follows : That the assessment against lot 19 be $497.12, instead of $195.

[Like references to and proportionately increased amounts for all the other lots benefited by the improvement were contained in said report, but are omitted from this copy.]

"*Resolved*, That the city surveyor's certificate of assessment for paving Milton avenue, from St. George's avenue to the Pennsylvania railroad, with the Ballard lock block wooden pavement, as corrected by the common council, be and the same is hereby confirmed.

"W. M. McKIRGAN,
"WILLET DENIKE,
"*Committee on Assessments*."

There was no proof that the common council levied this assessment according to the benefits conferred by the improvement. This assessment remained upon the property unpaid and unimpeached, and unknown to the plaintiff, until about June, 1888, when he entered into an agreement to sell the property, and a search made by his intending grantee discovered it. Plaintiff at once requested defendants to remove the encumbrance.

They denied that it was any lien, on the ground that it was unconstitutional, and refused to discharge or clear the property from it, and warned plaintiff that if he paid it he would do so at his own risk. Thereupon, on July 25th, 1888, the assessment, with interest, then amounting to $840.64, plaintiff, in good faith and upon advice of counsel, in order to make good title for his vendee, settled with the city by surrendering to it its own bonds to the amount of $840.64, which he had purchased for that purpose at thirty-two per cent., costing him $269, and the assessment was thereupon canceled.

I find this payment a fair and reasonable one, and give judgment for the plaintiff against the defendants for the sum of $269, with interest from July 25th, 1888, amounting in all to the sum of $292.54, and costs.

The question certified is, whether, on the facts stated and found, judgment should have been given for the plaintiff.

DAVID A. DEPUE, *J.*

December 19th, 1889.

Argued at February Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiff, *John O. H. Pitney.*

The improvement had been completed before the conveyance was made by defendants, and, by the charter of Rahway, the land was, at the time the covenant was made, subject to the lien of any assessment that might thereafter be levied therefor. *Pamph. L.* 1865, *p.* 534, § 83; *Id.* 1870, *p.* 889, § 9; *Id.* 1875, *p.* 352, § 4.

In fact, the levying of the assessment was begun eleven days before the date of the deed.

The land being subject to the lien of the assessment before the conveyance was made, the covenant against encumbrances was broken as soon as it was made. *Fagan* v. *Cadmus,* 17 *Vroom* 444, 445; *White* v. *Stretch,* 7 *C. E. Gr.* 76; 3 *Washb. Real Prop., p.* \*658; 2 *Suth. Dam., p.* 310 and *note; Rawle Cov. Tit.,* § 77; *Devl. Deeds,* § 907.

Even if the assessment can be thus attacked collaterally without any direct steps having been taken to set it aside, the work having been done and the benefit having been conferred, the land was, at the date of the deed, subject to the lien of a proper assessment, which, when made, would relate back to the time of the completion of the work, and so was then encumbered. *Cadmus* v. *Fagan,* 18 *Vroom* 554, 555.

The rule laid down by the Court of Errors in Cadmus *v.* Fagan, for determining the time when the lien attaches, only applies in the absence of express legislative determination, and does not affect this case.

If the foregoing propositions are maintained the only question is the measure of damages.

The rule of damages in such cases is laid down in *Fagan* v. *Cadmus,* 17 *Vroom* 445, and is fully supported by the authorities. 2 *Suth. Dam.* 311–315, 324–329; 1 *Sedgw. Dam.* \*178 *et seq.; Rawle Cov. Tit.,* § 188 *et seq.; Devl. Deeds,* §§ 916–920.

That rule, applied to this case, would bring it under one of the following propositions:

1. If the assessment was valid, or if invalid, still unimpeachable collaterally (*Davenport* v. *Elizabeth*, 12 *Vroom* 362; *Campion* v. *Elizabeth, Id.* 355), plaintiff paid it under compulsion, and his damages are what he paid, with interest, viz., $269, with interest.

2. If the assessment was invalid, and may thus be attacked collaterally, still, the land having been subject to some assessment, and plaintiff having, on defendants' refusal to remove it, paid, in good faith and on the advice of counsel, a sum which the court finds reasonable and fair, he is entitled to recover back what he paid, with interest.

3. Or, treating it as an inchoate, undetermined lien, he is entitled to the diminution in the value of the land on account of it. Similar to dower, &c.

If the damages in this case must be measured by the last proposition, I submit that, as the city surveyor's assessment of September, 1878 (made on notice and without objection by defendants), was for $195, an apparently reasonable amount, being at the rate of $3 a foot for paving, and as, with interest, this would have amounted in July, 1888, to about $330, and as plaintiff settled it for $269, the court would be justified in considering that sum a fair estimate of the diminution in the value of the land, on account of the inchoate encumbrance.

As to defendants' objection, that they had no notice of the proceedings resulting in the assessment, the case shows that the city surveyor duly published his preliminary assessment, and with it gave notice of a place and time for hearing objections, and subsequently certified that no objections had been presented. This was all the notice the charter prescribed. *Pamph. L.* 1865, §§ 83, 84. Having presented no objections to the city surveyor, they were entitled to no notice of council's action. *Section* 85.

For the defendants, *Vail & Ward.*

1. The assessment in question was illegal, because it was not levied according to benefits. It could never have been collected by the city authorities. The only way the city could recover the costs of laying the pavement would be by setting aside the assessment and levying an assessment according to benefits.

It is held in *Cadmus* v. *Fagan,* 18 *Vroom* 553, and cases there cited, that an assessment has the force of a judgment so long as unmodified and unvacated in respect to money paid thereon.

But a judgment is not conclusive except as to parties and privies, and strangers may impeach it collaterally by disproving the facts upon which it is predicated. *Nason* v. *Blaisdell,* 12 *Vt.* 165.

All parties are bound by a judgment who are directly interested in the subject matter and who had a right to make defence, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment. Persons not having these rights, substantially, are regarded as strangers to the case. *American Bell Telephone Co.* v. *National Imp. Telephone Co.,* 27 *Fed. Rep.* 663.

Applying the principles above established, it seems clear that the defendants in this case cannot be bound by proceedings of the common council.

Before any assessment was made they had sold the property; no notice was given to them of the proceedings of the council; no opportunity was offered them of resisting the action of council; as they were not owners of the property they could not have the proceedings reviewed on *certiorari ;* the first notice they had was ten years after the resolution amending and ratifying the assessment had been passed by council.

Again, it is insisted that council had no jurisdiction as against these defendants, and, therefore, defendants are not bound by the proceedings.

Jurisdiction of the party defendant can be acquired only by notice to him, or by his consent and voluntary appearance, and when there has been no valid notice or appearance the judgment is a nullity. *Nelson* v. *Rockwell*, 14 *Ill.* 375; *Wingate* v. *Haywood*, 40 *N. H.* 437; *Harris* v. *Hardeman*, 14 *How.* 334; *Jardine* v. *Reichart*, 10 *Vroom* 165.

Jurisdiction of the court over either the person or the subject matter, may be inquired into whenever any right or benefit is claimed under its proceedings, and want of jurisdiction will render its judgment unavailable for any purpose. In applying this rule, the only difference recognized between courts of superior or inferior jurisdiction is, that with reference to courts of superior or general authority, jurisdiction is presumed until the contrary appears; but, with reference to courts of inferior authority, the jurisdiction must be affirmatively shown by parties who claim any right or benefit under the proceedings. *Gray* v. *Larrimore*, 2 *Abb. Pr.* 842.

If this proceeding has the binding effect of a judgment, it is certainly the judgment of a court of inferior jurisdiction, and it nowhere appears in the case that any notice of the proceedings were given to the defendants by council; on the contrary, it does appear that no such notice was given.

2. If the assessment was not levied according to law, so that it could be enforced by the city authorities, no damages, or, at most, mere nominal damages, can be recovered at law for breach of the covenant of warranty.

The defendants are liable only to the extent they would be if the council had simply set aside the assessment preparatory to making one on legal principles. In this case they would be liable neither in law or in equity. *White* v. *Stretch*, 7 *C. E. Gr.* 80.

The court finds that the payment made by the plaintiff was fair and reasonable. It is respectfully insisted that the court had no power to fix the amount or levy an assessment. The plaintiff must recover on the strength of the council proceedings or fail.

The plaintiff was always in a position to have the assessment reviewed. Upon the assessment being set aside either by the court or voluntarily by the council, and a new assessment legally laid, the plaintiff could have made a proper claim upon the defendants for reimbursement ; but as he saw fit to pay the claim without any attempt to review, his payment was voluntary, and if he suffers loss thereby, it is only by his own negligence.

The opinion of the court was delivered by

DIXON, J. Under the charter of the city of Rahway (*Pamph. L.* 1865, *p.* 499, §§ 83, 84, 85, 86) and its supplements (*Pamph. L.* 1870, *p.* 887, § 2 ; *Id.* 1875, *p.* 351, § 1), the city was empowered to pave streets, to ascertain and declare the costs and expenses thereof, and to levy assessments therefor equitably upon the property peculiarly benefited, in proportion to such benefit, which assessments were to constitute liens upon the property assessed from the time of making the improvement, and were to draw interest from the date of the declaration of the costs and expenses.

Shortly before September 21st, 1878, the city had paved Milton avenue and had ascertained and declared the expenses thereof, and was then proceeding to make an assessment therefor. The assessment subsequently levied covered the premises now under consideration, which fronted upon the avenue. On September 21st, 1878, the defendants conveyed these premises to the plaintiff for $8,000, with a covenant that they were not encumbered by any encumbrance by which the title of the grantee could be charged in any way whatsoever. On July 25th, 1888, the assessment, with interest, amounted to $840.64, but the plaintiff then secured the discharge of the encumbrance by paying $269, which the Circuit Court of Essex county has found to have been a fair and reasonable payment.

On suit brought in that court the plaintiff recovered a judgment against the defendants for $269, and interest, as damages for breach of said covenant, and the Circuit has

certified the facts to this court for its opinion on the question whether the judgment should stand.

The improvement of the avenue conferred a peculiar benefit upon the premises in question, and rendered them liable to such an assessment as the legislature had prescribed. The extent and duration of the lien of such an assessment were matters for legislative regulation, within the limits, of course, of constitutional power. *Cadmus* v. *Fagan*, 18 *Vroom* 549. The legislature had declared that the lien should attach from the completion of the improvement. That enactment was plainly valid, for at such completion the whole benefit had been conferred upon the property, and the public nature of the work had given due notice thereof to all persons interested in the matter. The effect of this legislation was to create and announce the existence of an encumbrance, the amount of which was thereafter to be ascertained. *Cross* v. *Hayes*, 16 *Vroom* 12; *affirmed, Id.* 565. Consequently, as soon as the defendants made their covenant, it was broken by this encumbrance for a sum not then fixed.

The plaintiff therefore was entitled to judgment.

The only other question is as to the amount of damages recoverable for the breach.

The general rule is, that, in an action for damages arising from the breach of a covenant against encumbrances, where the plaintiff has removed the encumbrance, he may recover the amount fairly and justly paid by him for the removal of the encumbrance, not exceeding the value of the estate. 1 *Sedgw. Dam.* (7th ed.) 352; *Johnson* v. *Collins*, 116 *Mass.* 392; *Smith* v. *Carney*, 127 *Id.* 179. The Circuit Court has found as a fact that the payment made by the plaintiff to discharge this encumbrance was fair and reasonable. It seems to follow that judgment was properly rendered for the sum so paid.

But the defendants urge that the assessment was invalid, because not appearing to be levied as required by the charter, according to the benefits conferred, and, therefore, did not bind the defendants. If, however, its invalidity be conceded, still, as its sole function was to ascertain the amount of the

encumbrance already existing under the provisions of the charter, the only result would be, that the amount of such encumbrance was not thereby legally determined. The right of the city to have the amount determined and to collect it from the property, remained and was secured under the charter and the general laws of the state, and whether the determination was finally made by the existing assessment or by another to be substituted for it, the lien would continue from the time fixed by the charter, the completion of the improvement. *Cadmus* v. *Fagan, ubi supra.* The avoidance of the assessment would merely cast upon the plaintiff the burden of showing *aliunde* that the sum paid by him was reasonably necessary to discharge the property from its liability for a just and legal share of the expense of the improvement. According to the case certified, that was proven.

The Circuit Court should be advised that the judgment is right.