MARY G. NEVIN, DEFENDANT IN ERROR, v. PUBLIC SERVICE CORPORATION OF NEW JERSEY, PLAINTIFF IN ERROR.

Submitted July 6, 1911—Decided November 13, 1911.

Where a plaintiff, to prove her legal title to land, offers her deed for premises, extending by force of the description contained therein to the centre of a highway, and, by her own testimony, shows that she is in the actual possession of the premises, subject to the public easement in that part comprised within the street limits, her title to and proprietorship of trees standing in said street within the curb line and in front of her premises, is thus sufficiently shown to enable her to maintain an action against a stranger for wrongfully destroying the trees.

---

On writ of error to Camden Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the plaintiff in error, *Lewis Starr.*

For the defendant in error, *William Early.*

The opinion of the court was delivered by

VOORHEES, J. Review of the judgment entered for the plaintiff is sought by this writ of error. An action in the form of trespass on the case was brought against the defendant, a gas light company, to recover damages for the destruction of five shade trees, planted immediately inside the curb line of a public street, in the city of Camden, in front of the plaintiff's property, alleged to have been destroyed by illuminating gas escaping from the defendant's mains existing under the surface of the street.

The first count of the declaration charged that the defendant did not construct its gas main so that the joints were tight, and the second count averred negligence, in that the defendant, by failing properly to inspect its pipes, negligently allowed the gas to escape. The charge of faulty construction was not pressed at the trial.

It was admitted that the destruction of the trees was in consequence of escaping gas.

At the conclusion of the case, a motion to direct a verdict for the defendant was made.

The first ground in support of the motion was that the plaintiff had failed to show the ownership of the trees, or title to the lands wherein they were standing.

The plaintiff's deed for the property was in evidence, and it was admitted that by it the boundary ran to and was coincident with the centre of the highway, and it was shown that the plaintiff was in the actual possession of the property described therein other than that part of it constituting the highway. The possession of the owner of the legal title will be presumed to be co-extensive with the description contained in his deed. *Den* v. *Hunt, Spenc.* 487; *Foulke* v. *Bond,* 12 *Vroom* 527; although subject to the public easement in the street, it follows that the proprietorship of the trees was in the plaintiff. *Winter* v. *Peterson,* 4 *Zab.* 524; *Weller* v. *McCormick,* 23 *Vroom* 473.

There is no substance to the argument that title in the plaintiff has not been shown, because there was no proof of possession by her grantor, and that the plaintiff's testimony of

her own possession was insufficient. In support, *Troth* v. *Smith*, 39 *Vroom* 36, is cited. It is not pertinent. That was an action of ejectment, and the defendant being in possession, his title by possession had to be overcome. Here the plaintiff's possession is *prima facie* evidence of her title. *Rollins* v. *Atlantic City Railroad Co.*, 41 *Id.* 664. See, also, *Lehigh and Hudson Railroad* v. *Antalics*, 52 *Id.* 685.

The plaintiff, to prove her legal title to the land, produced her deed for the premises extending by force of the description contained therein to the centre of the highway, and by her own testimony showed that she was in the actual possession of the premises, subject to the public easement, in that part comprised within the street limits; she thus proved her title to and proprietorship of the trees standing in the highway in front of her premises sufficiently to enable her to maintain an action against the defendant for their wrongful destruction.

A second reason urged for the direction is that the defendant's negligence had not been shown. A sewer had recently been constructed which was likely to cause a depression in the gas main, perhaps resulting in a leak. There had been an odor of gas, in front of the plaintiff's premises, for some six weeks before any repairs had been made, and there was also some evidence of a lack of inspection, and a delay to repair, after actual notice had been served upon the company that there was a leak. Vegetation in and about the trees had died —ocular proof that there might be an escape of gas. It is clear, therefore, that a jury question was thus presented, and that in view of the facts thus adduced, a direction to find for the defendant would have been improper.

Error is assigned upon the admission of testimony with reference to the destruction of grass, trees and other vegetation in close proximity. This was clearly admissible as a circumstance calculated to put the defendant upon its guard against an imperfect main, and to give cause for a particular inspection to ascertain if escaping gas was causing the death of the vegetation. There is, therefore, no error in its admission.

Another ground for reversal is put forth in an exception taken to the charge made upon the plaintiff's request. It was

in this language: "If you find that the company had notice of a leak * * * and did not repair the leak promptly and the plaintiff's trees were damaged thereby, you may find for the plaintiff."

The objection made is that there is no limitation put upon the word "promptly," and that the jury should have been instructed that reasonable promptness only was required.

The court had already instructed the jury that if the company repaired leaks within a reasonable time, it would not be liable, and had also, at the defendant's request, instructed the jury that the defendant was to be allowed a reasonable time after notice to make repairs. Moreover, several of the requests submitted by the defendant, which were charged, contained the words "prompt" and "promptly," with reference to the defendant's action in making reparation. Under these circumstances, the defendant thus uniting with the plaintiff in requesting the court to employ this word, without modification, perhaps became equally responsible for its use. Taking the whole charge, it is not perceived that the jury could have been misled by the use of the word "promptly."

The other assignments of error have been examined and appear to be without merit.

The judgment under review will be affirmed.