51 473
58 127

THE STATE, EBENEZER SANDFORD, PROSECUTOR, v. THE BOARD OF TOWNSHIP COMMITTEE OF THE TOWNSHIP OF KEARNY.

1. In matter of assessment ordered by this court upon the coming in of the report, a party affected thereby may be heard on motion as to all matters touching the conduct of the commissioners in the premises.
2. Where a report is presented by commissioners duly appointed by an order of this court defining their duties and made upon notice, a party cannot, by objecting to the filing of the report, raise any of the questions involved in the making of the original order.

On *certiorari.*   Motion to confirm assessment.

Davis avenue, in the township of Kearny, was originally opened, graded, guttered and flagged in 1874, under an ordinance of the board of township committee of said township, which ordinance was passed in accordance with the provisions of "An act for the improvement of the township of Kearny, in the county of Hudson," approved April 8th, 1871.   On November 6th, 1876, an assessment therefor by commissioners was made against the land of Ebenezer Sandford and others in the name of the Newark Land Company.   Later in 1876 this assessment was set aside upon a *certiorari* prosecuted by the Newark Land Company.   On February 14th, 1882, a reassessment was made by commissioners appointed by the Circuit Court of the county of Hudson, under the provisions of "An act in relation to assessments in townships " (*Pamph. L.* 1881, *p.* 274), and the lands of said Sandford were thereupon assessed to him in his own name.   Upon a *certiorari* prosecuted by said Sandford, this court set aside this assessment, upon the ground that the act under which it had been made did not apply so as to authorize the assessment.   *Sandford* v. *Township of Kearny,* 19 *Vroom* 125.

The court held, however, that, under an act entitled "A general act respecting taxes, assessments and water rates " (*Pamph. L.* 1881, *p.* 194), it was its duty to see that a proper assessment was made, and a reference was thereupon made to a Supreme Court commissioner to take testimony in the premises.   This was in 1886.   The matter was not again brought to the attention of the court until 1888.   In the meanwhile many property owners had settled with the township upon a basis mutually satisfactory.   At the November Term of 1888 the order referring the matter to the Supreme Court commissioner was set aside, and leave given to the township to apply for the appointment by the court of three commissioners to make a new assessment against such owners liable therefor as had not already paid their assessment.   At the same term an order was entered which recited that notice

to all parties liable to assessment had been given, and appointed three commissioners to make a new assessment against such owners, and to report the same to the court at the next term. At the February Term, 1889, these commissioners presented their report. This is the report to the confirmation of which objection is now made by Ebenezer Sandford, one of the landowners therein assessed.

Argued at February Term, 1889, before Justices MAGIE and GARRISON.

For the motion, *J. E. Howell.*

*Contra, George W. Hubbell.*

After stating the facts as above, the opinion of the court was delivered by

GARRISON, J. The report of the three commissioners appointed by this court at the November Term, 1888, to reassess, for certain improvements, lands in the township of Kearny, having been presented at February Term, 1889, Sandford, as a property owner assessed, objects to the confirmation thereof.

At the threshold a question is raised as to his standing in court for any purpose connected with this report at the present time. It is urged that there is neither practice nor authority for permitting any matter to be litigated upon a mere objection to an assessment report. It should be borne in mind, however, that this report is already in court; that it does not emanate from some other source; hence, it is not within the purview or operation of the writ of *certiorari.* Sandford, claiming to be injuriously affected thereby, has a right to have the action of the commissioners reviewed by a competent court. If this court should make an affirmative order in the premises, such, for instance, as of confirmation, a writ of error would have the effect of sending the parties directly to the Court of Errors and Appeals with an undigested case. No-

reason is perceived why a proper party may not raise his objection to this report now instead of after its formal confirmation.

The hostility of Sandford to this report, or rather to these proceedings, is limited to a single objection, and that is, that the commissioners have assessed the unpaid balance against those property owners alone who had not already paid their assessments for the improvement in question. The contention of the objector is, that this assessment should have been made without any reference to the fact that any of the assessments previously made had been in fact settled by payment to the township.

This claim is based, and with considerable force of reason, upon the scheme of re-assessment which results from reading section 10 of the Certiorari act in connection with sections 58 to 60 of the charter of the township of Kearny. *Pamph. L.* 1871, *p.* 1394.

The charter, in the sections thus referred to, provides that " whenever any assessment is set aside on *certiorari* after a portion of said assessment has been collected by the corporate authorities of said township, that, in that case, all sums of money so collected shall be refunded and paid to the then owners of the lots, tracts or parcels of lands so assessed, and upon which said payments were so made, and the new assessment for said improvement shall be made without any reference to the fact that any sums of money have been theretofore paid under the said assessment so set aside on *certiorari;* the sums therein provided to be refunded shall be paid out of the first money collected under the new assessment for said improvement."

The Certiorari act, section 10, authorizes the Supreme Court, upon the setting aside of any assessment, to appoint commissioners to make a new assessment, and provides that the commissioners so appointed shall proceed to make the new assessment upon the same principles, and in the same manner, as if they had been appointed under the statute by virtue of which the superseded assessment was imposed. This objec-

tion, it will be noted, goes not to the merits of the report, nor to the propriety of the conduct of the commissioners, but solely to the legality of the classification upon which the court has based its order appointing them and defining their powers and duties. The question thus presented is an interesting one, involving nice lines of construction and probing the right of this court to direct an assessment upon the classification which it adopted in its order of November, 1888. But this question cannot arise in this court so long as that order remains undisturbed. The matter now under consideration is the report of certain commissioners.

The question involved in such a consideration is, whether they have or have not fairly and intelligently subserved the purposes of their appointment. That they have done otherwise is not even suggested. It is said, however, that they received improper instructions at the time of their appointment, and that the distinction between the two classes of landowners, viz., those which had and those which had not paid, should not have been made. But this classification did not originate with these commissioners and cannot be questioned in their report of their doings in the premises. The supposed illegality entered into these proceedings by a formal order, made in this court, upon notice to those who now seek to object to what was then ordered. The order of November 8th, 1888, recited that the court was willing to vacate the old assessment, except as to those owners who had paid their assessments, and directed that the said assessments be set aside as to those who had not yet paid, and ordered that the township have leave to apply to this court for the appointment of commissioners to make a new assessment against such owners as had not already paid their assessments. Pursuant to an application made under the leave thus granted, the order of November 27th, 1888, appointing these commissioners was made. The commissioners thus appointed are expressly described as those mentioned in the preceding order, and the persons liable to new assessment at their hands are those only who had not paid their assessments. Of this order all parties thus liable

had notice, so the order itself recites. If, for fraud or other legal grounds, this order can be opened in this court, its legal propriety in other respects may be here questioned. Until this be done, or until its reversal upon writ of error, the legal rule laid down by this order must be the guide of conduct to the commissioners therein named. If it were within the power of this court to permit a collateral attack upon an order of this nature, it would be loath to exercise it in a case where objection to a proposed scheme of assessment came at the end of a long and exhaustive investigation instead of at its commencement. Laches rest in circumstances even more than in mere passage of time. Holding, then, that the only objections which can now be urged are such as question the conduct of the commissioners, and there being none such made, the report will be accepted and confirmed by order of this court.

It may be well to add, further, that the act of 1881, already referred to (*Pamph. L., p.* 194), confers ample power upon this court to assess and determine for what sum any person or property shall be held in case of illegal and irregular assessments. There appears to be nothing in either the language or intention of the act in question which could prevent this court from predicating its assessments upon the report of commissioners appointed by it, against whose determinations of values nothing can be urged by either party. So that, even if we should be of opinion that the Supreme Court could review and reverse its own order of November 27th, 1888, we should still have in hand, in the report of these commissioners, unimpeachable matter upon which to predicate, as the order of this court, the assessment they therein recommended.

The exceptant takes nothing by his motion.