THE STATE, JACOB SCHLAPFER ET AL., PROSECUTORS, v. THE TOWN OF UNION, IN THE COUNTY OF HUDSON.

At the time of making an assessment of the costs and expenses of constructing a main sewer upon the property benefited thereby, certain lateral sewers had been built connecting with the main sewer and furnishing drainage thereby to property by which they were laid. *Held*—

1. That it sufficiently appeared thereby that the property by which the lateral sewers ran acquired a benefit by the construction of the main sewer for which it might be assessed; and

2. That an assessment of the whole costs and expenses of the main sewer upon property benefited, not including that property lying along the lateral sewers, cannot be sustained, because it imposes upon the property assessed more than its proportion of the burden.

On *certiorari.*

Argued at February Term, 1890, before Justices KNAPP and MAGIE.

For the prosecutors, *Gilbert Collins.*

For the defendant, *Edward Russ.*

The opinion of the court was delivered by

MAGIE, J. No contest is made as to the power of the town of Union to assess the cost and expense of sewers built by it upon the property benefited thereby.

Such power was required by the general "Act respecting assessments for local improvements in towns and townships,"

approved March 23d, 1883, to be exercised by assessing such cost and expense upon the land and real estate benefited, in proportion to and not in excess of the benefits received from the sewer. *Rev. Sup., p.* 548, § 263. Any excess of the cost and expense over the benefits is to be borne by the town.

The writ brings up the assessment on prosecutors' property made for the Morgan street and Palisade avenue sewer, and prosecutors' contention is, that they are assessed more than they ought to be assessed therefor, because other property benefited by the sewer was not assessed.

The proceedings returned show that the whole cost and expense of the sewer was imposed on property adjudged to be benefited. If therefore it is shown that other property was in fact benefited, and has not been included in the assessment, prosecutors have demonstrated that their burden has been unduly and illegally increased. *Righter* v. *Newark,* 16 *Vroom* 104.

The affidavits taken under a rule conclusively show that the sewer in question is one into which several lateral sewers were and are intended to discharge their sewage. Some of the lateral sewers, at the time of this assessment, had been built and connected with the sewer in question. Property along those lateral sewers then constructed is clearly shown to have been directly benefited by the construction of the sewer in question, which afforded them an outlet. For such benefits an assessment could have been made. *Kellogg* v. *Elizabeth,* 11 *Vroom* 274. If the property so benefited had been included in the assessment, the proportion of cost and expense imposed on prosecutors would have been diminished. It was error therefore not to extend the assessment at least to these properties thus benefited.

Prosecutors called the attention of the commissioners and the town authorities to the error and inequity of such an assessment by a proper protest. Their objections were unheeded, and the erroneous assessment was made and confirmed.

Under such circumstances, prosecutors are entitled to have their assessment set aside, with costs, but before such a rule

be entered, an opportunity must be given to the town authorities to apply to the court for such rules as they may be advised are proper to bring about a correct assessment of the cost and expense of this sewer.