MARIE A. VREELAND ET AL. v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

When a city charter requires commissioners of certain qualifications to be appointed for a special object, it must appear on the face of the proceedings that they possessed or were deemed to possess such qualifications.

On *certiorari.*

Argued at February Term, 1892, before Justices DIXON, REED and GARRISON.

For the prosecutors, *Samuel C. Mount* and *Mungo J. Currie.*

For the defendant, *James P. Northrop.*

The opinion of the court was delivered by

GARRISON, J.    Six writs of *certiorari* have been sued out by the prosecutors, bringing up for review certain assessments for the construction of a brick sewer in the city of Bayonne. To these writs two returns have been made, one embracing five assessments made by the same set of commissioners, the other bringing up a single assessment made by a different set of commissioners.    The assessments included in the first return must be set aside, for the reason that it does not appear on the face of the proceedings that the commissioners of assessment were lawfully constituted.    The infirmity is this, the commission

as originally constituted included S. M. Odell, but the return
shows, by the minutes of the city council, that on September
4th, 1888, " Councilman Sanford moved to go into an election
for Commissioner of Assessment on sewer on 50th Street,
Third Ward, in lieu of S. M. Odell, disqualified. Carried.
Councilman Sanford nominated Joseph Ellsworth, who re-
ceived ten votes, and was declared elected." The assessments
are all made by said Ellsworth, acting as one of the commis-
sioners, hence if his right so to act does not appear there is no
legal assessment before us upon this return.

By the charter of the city of Bayonne, a board of commis-
sioners of assessment shall be annually appointed " and in case
any one or more of the said Board of Commissioners of Assess-
ment shall be interested in any assessment or improvement
then the Board of Councilmen shall appoint some discreet and
impartial freeholder residing in said city to serve with said
Board of Commissioners of Assessment in lieu of the commis-
sioner or commissioners so interested." Assuming that the
withdrawal of S. M. Odell was warranted upon the ground
of his disqualification because of interest, the election of his
substitute does not appear to have been in accordance with the
requirements of the city charter. There is nothing to show
that Ellsworth was a discreet and impartial freeholder, or that
he was so deemed by the council that elected him. This is
fatal to the constitution of the board. In the case of Bram-
hall *v.* Mayor of Bayonne the assessment was set aside because
of this identical infirmity, arising under a similar provision of
the very charter now before us. Mr. Justice Dalrimple, de-
livering the opinion of the court, says (6 *Vroom,* 476): " In
the cases of *The State* v. *Jersey City,* 1 *Dutch.* 313, and *The
State* v. *Newark, Id.* 413, it is held that when a city charter
requires commissioners of certain qualifications to be appointed
it must appear on the face of the proceedings that they were
possessed of such qualifications." To the same effect are *Little*
v. *Newark,* 7 *Vroom* 170, and *Ryerson* v. *Passaic,* 9 *Id.* 171.

The single assessment brought up by the second return is
not open to the same objection, but the sums charged upon the

prosecutors' lots are so evidently in excess of the benefit received and of the reasonable cost of accomplishing the same result that the assessment must have proceeded upon some erroneous basis and will be set aside, together with the others.