THE STATE, THE CENTRAL NEW JERSEY LAND AND IMPROVEMENT COMPANY ET AL., PLAINTIFFS IN ERROR, v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE, DEFENDANTS IN ERROR.

1. The act of 1887 (*Pamph. L.*, p. 231), directing the mode of making sewer assessments in cities, repeals and supersedes the provisions of city charters on the same subject.

2. The words "it shall or may be lawful" in the act of 1887 must be construed to mean "must;" the act is not optional.

3. The provision in the act of 1887 that the cost of the sewer shall be assessed on the frontage to the full extent of the benefits received, and that the balance only of the cost shall be levied on other property benefited, is valid and constitutional.

In error to the Supreme Court.

For the plaintiffs in error, *George Putnam Smith.*

For the defendants in error, *James P. Northrop* and *William D. Edwards.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This controversy relates to the validity of a sewer assessment made under the sixty-fourth section of the charter of the city of Bayonne.   *Pamph. L.* 1872, *p.* 719.

By the city charter the cost of the improvement is to be assessed upon property benefited in proportion to the benefit received, but property not deriving a present benefit cannot be assessed for any part of its cost until lateral sewers are constructed.

The act of 1887 (*Pamph. L., p.* 231) provides for cases where sewers have been or may be constructed in cities, forming a trunk line into which lateral sewers may discharge, and through which the surface drainage and sewage of a district may be carried, and enacts that, in such cases, it " shall and may be lawful, in assessing benefits for the construction of such trunk line, to assess the same on all property benefited and to be benefited within the entire drainage district," and that " where a direct tapping benefit is or may be secured, either by connecting with the trunk line or lateral sewers already constructed," the assessment when finally confirmed shall become collectible at once, as in other cases, but " when the benefit is prospective and depends upon the construction of lateral and connecting sewers not yet built," the assessments shall become liens only from the time the connecting sewers are built, and

shall draw interest only from the date of the confirmation of an assessment for a lateral sewer.

By section 2, the commissioners in making such assessment are required to first ascertain the benefits conferred on property on the line of the trunk sewer, and deduct their total from the entire cost, and they may then assess the balance of the cost on other property benefited and to be benefited by the construction of lateral sewers.

Two questions are presented for adjudication in this case— *First.* Whether the city authorities had the option to make the assessment under either the general law of 1887 or under the city charter. *Second.* Whether the act of 1887 is constitutional.

The contention on the part of the plaintiffs in error is that this act repealed the charter provisions of the city of Bayonne, although it contains no repealing clause, and that it provides the exclusive mode for laying assessments for the sewer.

The state constitution, as amended in 1875, forbids the legislature to pass private, local or special laws regulating the internal affairs of cities, and requires that general laws shall be passed.

The law of 1887 is general in form, and it must be presumed to have been passed in conformity to the constitutional mandate, and intended to apply in all cases, repealing and superseding all other legislation of a local character upon the same subject.

Under no other rule can uniformity in legislation be secured.

The doctrine of optional legislation is not to be extended, as it obviously leads to diversity in the conduct of municipal affairs.

In *In re Cleveland*, 23 *Vroom* 188, an express mode was provided in the legislative act by which cities of the state were to signify their acceptance of the enactment, but in the act of 1887 there is no express provision that it shall be optional, and no mode is indicated in the act in which such option may be expressed.

If Bayonne had the option to make this assessment under either act, then one assessment may be made under the city charter, and the next under the act of 1887, at the mere caprice of those in control of the municipal government.

If both laws stand, and the option exists, the mere exercise of the option in this case does not impair the integrity of either law; these laws must continue in force with the option which they confer.

Not so with respect to the act in *In re Cleveland, supra.* There, when the option was exercised in the mode prescribed, the statute became part of the city charter and superseded inconsistent provisions. The confusion and uncertainty which would flow from the doctrine of optional legislation, applied to the act of 1887, would defeat the primary object of the constitutional amendment prohibiting special legislation. Upon general principles, also, irrespective of the mandate of the organic law, the later statute supersedes the charter provision. The true rule of construction, as stated by Chancellor Kent in *Newburgh Turnpike Company* v. *Miller,* 5 *Johns. Ch.* 112, and approved by our Supreme Court in *Seiple* v. *Elizabeth,* 3 *Dutcher* 407, is this: That the word " may " means " must " or " shall " only in cases where the public interests and rights are concerned, and where the public or third persons have a claim *de jure* that the right shall be exercised.

In the case last cited it was of no consequence to the public whether the taxes were collected by the township collector or the borough collector, and therefore the words " it shall be lawful " were properly held not to be mandatory.

The statute before us affects the manner in which assessments for public improvements are to be laid, and the general taxation may be burdened in the one mode in excess of what it will be in the other. The public interests are involved, therefore, and that classifies this act of 1887 with those in which the words " it shall or may be lawful " must be interpreted to be imperative and not optional.

In my judgment, the act of 1887 is general and mandatory,

and sewer assessments in all cities must be made in conformity to its provisions if it is a constitutional act.

The infirmity alleged to inhere in this act is that it imposes on property on the line of the trunk sewer an assessment to the full extent of the benefits imparted to it, and directs the balance only of the cost of the work to be levied on other property within the area benefited.

It may be, therefore, that while property on the line of the trunk sewer may not be assessed in excess of the benefit conferred, the assessment upon it in proportion to the benefit received will be greater than that borne by land not on the line of the main sewer. This, however true, does not in my opinion render the act of 1887 abortive.

It is competent for the legislature to authorize the assessment of the entire cost of a street improvement upon the frontage, provided it does not exceed the benefits. The excess of the cost over benefits may be imposed upon the general public. Legislation in further ease of the public tax levy may lawfully provide that such excess of cost shall, to the extent of benefits, be laid on other lands not on the line of the work. All lands of the same class—that is, all lands on the frontage—must be assessed in the same proportion, but it has never been held in this state that to constitute a legal assessment all lands benefited must be assessed, or that all lands benefited must be assessed in the same proportion. Measured by such a rule it is doubtful if any assessment hitherto made in this state can be upheld.

If the legislature elects to impose the balance of the cost after assessing all the frontage at its full benefit, upon other lands, instead of throwing it upon the general tax, it operates to the advantage and not to the detriment of those who own the frontage.

This question is *res adjudicata* in this state, and to subvert this settled rule now would be to impair the solvency of all our local governments.

In *State, Youngster,* v. *Paterson,* 11 *Vroom* 244, the Supreme Court expressly declared that the act requiring commissioners

to assess lands fronting on the improvement to the extent of the special benefit received, and the balance on the city at large, is constitutional.

In *State* v. *Paterson*, 13 *Vroom* 617, this question was finally settled in this court, where it is held, in accordance with long usage and oft-repeated judicial recognition, that assessments for benefits may be confined to the frontage, and that a statute cannot be successfully assailed because the required assessment does not extend over the entire area to which benefits may flow from the public work.

If lands not on the line of the improvement may be wholly exempted, it must follow that the assessment on the frontage will not be invalidated by the fact that some burden is cast upon the lands which need not be assessed at all. The competency of the legislature to exercise the greater power must include the right to exert the less.

In my judgment, the act of 1887 is constitutional, and the assessment made under the city charter is illegal. The judgment below should be reversed.

*For affirmance*—None.

*For reversal*—The CHANCELLOR, CHIEF JUSTICE, AB-BETT, DEPUE, DIXON, GARRISON, LIPPINCOTT, REED, VAN SYCKEL, BOGERT, PHELPS, SMITH.  12.