THE STATE, JOHN OAKES, PROSECUTOR, v. THE MAYOR AND COMMON COUNCIL OF THE BOROUGH OF GLEN RIDGE.

"An act to authorize the improvement of roads, streets and highways in towns, boroughs," &c., approved March 16th, 1891 (*Gen. Stat.*, p. 2149), is superseded in boroughs by "An act concerning boroughs," approved March 28th, 1892. *Gen. Stat.*, p. 275.

---

On *certiorari*.

Argued at November Term, 1896, before Justices Dixon and Ludlow.

For the prosecutor, *Edward M. Colie.*

For the defendant, *Chandler W. Riker.*

The opinion of the court was delivered by

Dixon, J. This *certiorari* brings up a resolution of the council of Glen Ridge, looking to the issue of bonds for the raising of funds with which to improve the streets of the bor-

ough. It was passed June 8th, 1896, in supposed conformity with "An act to authorize the improvement of roads, streets and highways in towns, boroughs," &c., approved March 16th, 1891. *Gen. Stat., p.* 2149. The prosecutor contends that in boroughs this act is superseded by "An act concerning boroughs," approved March 28th, 1892. *Gen. Stat., p.* 275.

In this we agree with the prosecutor.

The act of 1891 empowered boroughs to issue bonds for any sum not exceeding $60,000, and expend the proceeds thereof in improving roads, streets and highways within the municipality. To sanction the issue of the bonds a vote of the people of the borough was required, and the act prescribed the method by which such vote might be taken.

The act of 1892 likewise empowers boroughs to issue bonds and expend the proceeds in street improvements and in all other public improvements which are within the powers of the borough council, but the issue of bonds must first be sanctioned by popular vote, and the bonds must not at any time exceed ten per cent. of the assessed valuation of the property within the borough. The act points out a procedure for taking the popular vote different from that prescribed in the act of 1891.

It thus appears that the central object of the act of 1891, the conferring of authority to carry on street improvements by the issuing of bonds, is in boroughs fully covered by the act of 1892, but that the later act assigns a different limit to the amount of the issue and requires different preliminary proceedings.

These acts cannot be maintained side by side. It cannot be supposed that the legislature intended the borough authorities to select either of two different modes of reaching the same end (*Central Land Co.* v. *Bayonne*, 27 *Vroom* 297), and it is impossible that a borough should at the same time be empowered to spend $60,000 for one object and be forbidden to spend what may be a less sum for that object and others as well. In these respects the provisions of these statutes are

incongruous, and, therefore, the later act alone can be operative in boroughs.

For want of conformity with this law, the resolution must be set aside, with costs.