THE STATE, FRANK O. MITTAG, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF PARK RIDGE.

1. The supplement of 1888 (*Gen. Stat.*, *p.* 196) to the General Borough act of 1878 (*Gen. Stat.*, *p.* 179), authorized the submission to the legal voters of any borough formed under that act, of a resolution authorizing an issue of bonds, but enacted that the mayor and council should first determine that it was expedient to issue such bonds; and, in case of calling a special election for the vote, should cause the borough clerk to give twenty days' notice thereof. *Held—*
   1. That a resolution of the council that it was expedient to issue the bonds tended to pecuniarily obligate the borough; and, therefore under section 4 of its organic law, was required to be presented to the mayor for approval or veto.
   2. That an election held less than twenty days after such a resolution became operative was nugatory, although twenty days' notice thereof was given by the borough clerk.
2. Said supplement was superseded by the "Act concerning boroughs," of March 28th, 1892 (*Gen. Stat.*, *p.* 275), so far as applicable to the issue of bonds for street improvements.
3. A general act relating to boroughs, Revision of 1897 (*Pamph. L.*, *p.* 285), supersedes all pre-existing borough laws as to future bond-issues; and, therefore, corporate action, taken after it was in effect, looking toward a bond-issue not justified by that law, is illegal.

---

On *certiorari* to remove proceedings for an issue of bonds for the purpose of macadamizing streets, roads and avenues.

Argued at June Term, 1897, before Justices DIXON, LUDLOW and COLLINS.

For the prosecutor, *David Harvey, Jr.*

For the defendants, *Frank P. McDermott.*

The opinion of the court was delivered by

COLLINS, J.   The prosecutor, a taxpayer of the borough of Park Ridge, attacks the validity of proceedings taken under the supplement of March 23d, 1888 (*Gen. Stat., p.* 197, *pl.* 114), to the "Act for the formation of borough governments," approved April 5th, 1878. *Gen. Stat., p.* 179.   Said supplement permits the issue of borough bonds for divers purposes, including the macadamizing of streets, roads and avenues. It provides that on presentation of a petition of one-fourth of the legal voters of the borough requesting an issue of bonds, and specifying their amount and object, the mayor and council shall fix a time, not less than twenty days thereafter, and a place for its consideration, and shall cause the clerk to give notice thereof.   If the mayor and council shall then determine that it is expedient to issue such bonds, they shall cause to be submitted to the legal voters of the borough, at the annual election or at a special election, a resolution of authority therefor, and, if the vote is to be taken at a special election, shall cause the clerk to give at least twenty days' notice of such election.

Park Ridge is a borough formed under said act of 1878. Petition for such a bond issue was, on April 5th, 1897, presented to its council, which body, by resolution, fixed April 26th, 1897, for consideration thereof, and directed the necessary notice.   The mayor approved the resolution April 9th, 1897, before which date, however, the clerk had published notice of the meeting.   On April 26th, 1897, the council adopted the following resolutions :

"*Resolved*, That it be and is expedient to issue said bonds as prayed for in said petition, and

"Be it further resolved, that the following resolution be submitted to the legal voters at a special election to be held in said borough on Tuesday, May 18th, 1897, polls open from six A. M. to seven P. M., at Forester's Hall, Park Ridge. That is to say—

"'*Resolved*, That the bonds of the mayor and council of the borough of Park Ridge, to the amount of ten thousand

dollars, for macadamizing the streets, roads and avenues in said borough, be issued, payable in not less than ten years or more than thirty years, as may be most advantageous to procure the lowest rate of interest.' "

The mayor approved these resolutions April 30th, 1897.

On April 27th, 1897, the borough clerk published notice of the special election, which was held, and at it a majority of the votes was cast in favor of the issuing of the bonds.

By section 4 of the organic law of the borough (*Gen. Stat., p.* 186, *pl.* 38) it is provided "that every ordinance passed by the council and every resolution of such council appropriating or tending in any way to pecuniarily obligate the borough, * * * shall, before the same or either of them take effect, and within five days after the passage thereof (Sundays excepted), be presented to the mayor; if he approves it he shall sign it, if not he shall return the same within seven days (Sundays excepted) after its receipt by him, to the borough clerk, with his objections thereto in writing, and the council shall, at their next regular meeting, cause the objections to be entered at length on their minutes and proceed to reconsider the same, and if two-thirds of all the members of the council shall vote to pass the same it shall take effect; if such ordinance or resolution shall not be so returned by the mayor within seven days (Sundays excepted) after he receives it, then it shall take effect the same as if he shall have signed it; provided, that if any resolution or bill shall contain more than one distinct section, clause or item the mayor may approve one or more thereof and veto the rest."

If either of the resolutions above recited tended in any way to pecuniarily obligate the borough, its presentation to the mayor for approval or veto was essential, and until the conditions of the statute were fulfilled it remained inoperative. *Booth* v. *Bayonne*, 27 *Vroom* 268.

Our conclusion is that the determination made by the first resolution of April 26th, 1897, did tend to pecuniarily obligate the borough. It was the first step toward obligation and a *sine qua non* for the issue of the bonds. As above stated

the mayor's approval was on April 30th, 1897, and therefore the notice of the special election published before that day was abortive, and as there was less than twenty days' time between such approval and the date of the election, no legal notice thereof could be given. The requirement of notice of a special election is mandatory. *Morgan* v. *Gloucester City,* 15 *Vroom* 137.

The election, therefore, of May 18th, 1897, was nugatory. Probably the resolution of April 5th, 1897, being a mere designation of a meeting required by law to be held, did not need to go to the mayor, and the notice given thereunder was sufficient, but there is a fundamental infirmity disclosed in the case, though not covered by the causes assigned for reversal, that renders the entire proceeding void. The petition was based on the act of 1888. The "Act concerning boroughs," approved March 28th, 1892 (*Gen. Stat., p.* 275), superseded all such statutes so far as the issuing of bonds for street improvements is concerned (*Oakes* v. *Glen Ridge,* 31 *Vroom 130,* and all bonding legislation for boroughs was superseded by "A general act relating to boroughs," approved April 24th, 1897. *Pamph. L., p.* 285.

If the prosecutor so desires a cause for reversal may be assigned to charge such invalidity.