*36 Vroom.*                    Brown v. Town of Union.

JOHN CROSBY BROWN ET AL., PLAINTIFFS IN ERROR, v. THE TOWN OF UNION, DEFENDANT IN ERROR.

| | |
|---|---|
| 65 | 601 |
| 66 | 550 |
| 65 | 601 |
| 67 | 434 |

JAMES G. MORGAN ET AL., PLAINTIFFS IN ERROR, v. THE TOWN OF UNION, DEFENDANT IN ERROR.

Argued November 30, 1900—Decided March 4, 1901.

Whenever a sewer has been constructed in any municipality of this state at public expense, and the assessment levied for benefits thereby conferred has been removed by *certiorari* to the Supreme Court, the act of March 23d, 1881 (*Gen. Stat., p.* 3404), and the act of February 19th, 1895 (*Gen. Stat., p.* 2138), authorize that court to levy upon the property of the prosecutors an assessment for such benefits in accordance with the directions of said act of 1895.

On error to the Supreme Court. For opinion of the Supreme Court, see 33 *Vroom* 142.

For the plaintiffs in error, *Abel I. Smith* and *Charles L. Corbin.*

For the defendant in error, *Horace L. Allen* and *Richard V. Lindabury.*

.The opinion of the court was delivered by

DIXON, J. These writs of error bring up a judgment of the Supreme Court by which that court, having under review, by *certiorari,* an assessment for the construction of sewers in the town of Union, and finding it to be substantially correct, adopted the assessment as its own, under the act of March 23d, 1881. *Gen. Stat., p.* 3404, § 547.

In *Elizabeth* v. *Meeker,* 16 *Vroom* 157, this court upheld that act as a valid remedial statute, and adjudged that it required the Supreme Court, whenever an assessment for a public improvement was brought before it on *certiorari,* to see that a proper assessment was levied, if, at the time of adjudicating on the original assessment, a lawful assessment could be made.

In view of this decision, the only duty now incumbent on this court is to determine whether, when the Supreme Court rendered its judgment, an assessment could lawfully be levied upon the lands of the plaintiffs in error for the construction of the sewer in question. If it could, then, as no error in law is assigned upon the procedure of that court, its judgment must be affirmed.

The act of February 19th, 1895 (*Gen. Stat., p.* 2138), read in connection with the said act of March 23d, 1881, affords the requisite authority. The manifest intent of that act is that, whenever sewers are constructed in any municipality at public expense and special benefit accrues therefrom to private lands within the corporate limits, an assessment for the benefit shall be imposed on such lands, and the act prescribes constitutional regulations for the levying of such an assessment. The validity of this statute has already been adjudged by this court. *Central Land Co.* v. *Bayonne,* 27 *Vroom* 297; *Vreeland* v. *Bayonne,* 31 *Id.* 168.

The sewers now in question were constructed within the town of Union at the expense of the town, and conferred upon the property of the plaintiffs in error such special benefit, present or prospective, as the act of 1895 contemplates. If the act under which the sewers were built (*Gen Stat., p.* 3546, § 239) be, as it is urged, special and unconstitutional, still the reception of this benefit is a sufficient basis for the imposition of a corresponding burden, when the legislature provides the proper agency and rules for assessing the same. *Elizabeth* v. *Meeker, ubi supra.* The appropriate rules are given in the act of February 19th, 1895, and the act of March 23d, 1881, constitutes the Supreme Court the agent required.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—The Chancellor, Dixon, Collins, Fort, Garretson, Bogert, Hendrickson, Adams, Vredenburgh, Voorhees. 10.

*For reversal*—None.