THOMAS S. SIMMONS v. THE MAYOR AND COMMON COUN-
CIL OF THE CITY OF MILLVILLE.

Argued February 20, 1907—Decided June 10, 1907.

1. Assessments for benefits from the construction of sewers in cities
   must conform to the act of February 19th, 1895. *Pamph. L.,*
   *p.* 95.
2. The total assessable cost of a sewer system was more than
   $100,000. The total assessment for benefits was $5 less, and was
   levied upon some of the abutting owners to the exclusion of others
   and to the exclusion of owners within the sewerage area, but not
   along the line of the sewer. *Held,* that the assessment was
   invalid.

On *certiorari.*

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the prosecutor, *French & Richards.*

For the defendant, *Louis H. Miller.*

The opinion of the court was delivered by

SWAYZE, J. The prosecutor seeks to set aside an assess-
ment of benefits for sewers in the city of Millville. The pro-
ceedings were had under the act of April 7th, 1890. *Pamph.*
*L., p.* 192. Only lands fronting on the line of the sewer,
and not all of such lands, were assessed. Churches, factories
and railroad property were altogether omitted, and the aggre-
gate frontage which thus escaped assessment was large. The
report of the commissioners shows that they did not assess in
respect to the cost of the work so far as it extended beyond
the line of the whole property assessed, but assessed the cost
thereof upon the city at large. The total cost of the sewers
was $111,075.24; the amount assessed upon the city at large,
$10,531.05. Of the balance, $100,544.19, all but $5 was as-
sessed upon abutting property owners.

The act requires a just and equitable assessment of the cost upon all the owners of lands fronting on the improvement which are peculiarly benefited thereby in proportion, as nearly as may be, to the advantage each shall be deemed to acquire. *Gen. Stat., p. 625, pl. 804.* We cannot doubt that both churches and factories, and perhaps the railroad, are benefited in their use, if not in the market value of the properties by the construction of the sewers. *Paterson and Hudson River Railroad Co.* v. *Passaic,* 25 *Vroom* 340; *Erie Railroad Co.* v. *Paterson,* 43 *Id.* 83, 85.

The suggestion that some of these properties are not benefited, because they already have private sewers discharging into the Maurice river, cannot be entertained, especially in view of the recent legislation having in view the protection of rivers from pollution.

Since substantially the whole cost, as far as the statute permitted its assessment at all, was assessed upon certain properties including the prosecutor's, to the exclusion of others, the result is injurious to him and cannot be sustained. *Schlapfer* v. *Town of Union,* 24 *Vroom* 67.

There is another error in the proceedings. By the act of February 19th, 1895 (*Pamph. L., p.* 95; *Gen. Stat., p.* 2138), it is provided that where sewers may be constructed forming part of a general system of sewerage, it shall and may be lawful to assess benefits not only upon the lands fronting on the line of the sewer but also upon all lands throughout the entire sewerage area in the municipality. The language of the act is in form permissive, but our courts have held that a similar statute of 1887 was mandatory. *Central Land Co.* v. *Bayonne,* 27 *Vroom* 297. The constitutionality of the act of 1895 was sustained in *Vreeland* v. *Bayonne,* 31 *Id.* 168. Since that decision the practice seems to have been to proceed under that act. *Brown* v. *Town of Union,* 33 *Id.* 142; *Seaman* v. *Camden,* 37 *Id.* 516; *Camp* v. *Neuscheler,* 38 *Id.* 21; *Butler* v. *Montclair, Id.* 426. Brown *v.* Town of Union, was affirmed in 36 *Vroom* 601, and the court said: "The manifest intent of that act [of February 19th, 1895] is that, whenever sewers are constructed in any municipality at public expense and

special benefit accrues therefrom to private lands within the corporate limits, an assessment for the benefit shall be imposed on such lands, and the act prescribes constitutional regulations for the levying of such an assessment."

Since the act of 1895 is constitutional, general and mandatory, sewer assessments in all cities must be made in conformity with its provisions, as was said of the older act in Central Land Co. *v.* Bayonne, unless it has been repealed or is inapplicable to the present case.

It is argued that it is repealed by the act of March 14th, 1895 (*Pamph. L., p.* 298; *Gen. Stat., p.* 631, *pl.* 842), and the act of 1906. *Pamph. L., p.* 414. This contention cannot prevail. The only effect of the act of March 14th, 1895, is to enable a city to provide by ordinance for the appointment of commissioners of assessment instead of having them appointed by the Circuit Court. The only effects of the act of 1906 are to provide for the appointment of a special officer to collect assessments, to enable the common council to regulate the rate of interest and to extend the time for the commissioners to report. None of these amendments conflict with the provisions of the act of February 19th, 1895, that require the assessment for benefits to be coextensive with the drainage area. An assessment may be levied under the act of 1890 and yet in accordance with the rules prescribed in the act of February 19th, 1895. *Camp* v. *Neuscheler, supra.* Even the provision of section 22, which makes the assessment a lien from the confirmation of the report, is not necessarily inconsistent with the provision of the act of 1895, which postpones the collectibility of the assessment. It has been held that, where the statute so provides, the lien may attach at the time of making the improvement, although, of course, the amount could not then be ascertained. *Hartshorn* v. *Cleveland,* 23 *Vroom* 473; *affirmed,* 25 *Id.* 391. That there is no necessary connection between the time when the lien attaches and the time when the amount is collectible is shown by the common provision making the assessment payable in installments. Moreover, both sections, 22 and 24, were in the original act of 1890, and the amendments of March 14th, 1895, and of 1906,

are to be read into that act. The mere amendment of these sections does not indicate a legislative intent to repeal the general scheme established by the act of February 19th, 1895.

The act of 1903 (*Pamph. L., p.* 156) relates only to the special case where an assessment for a lateral sewer has been confirmed prior to the confirmation of the assessment for the trunk sewer or the intermediate connecting sewer. The act of 1904 (*Pamph. L., p.* 88) applies only to extensions of sewers and sewer systems. Neither act has any bearing upon the present case.

It is further argued that the act of February 19th, 1895, applies only to the main outlet sewer, and that, since the cost of that sewer was assessed upon the city at large, the prosecutor cannot complain on that ground. This argument is based upon a misreading of the act of 1895. That act is not limited to the main outlet sewer, but extends to all main, trunk or intercepting sewers, and the provision for assessment upon lands fronting on the line thereof makes it clear that something more than a mere outlet sewer was intended. In every system of sewerage some sewers must be main or trunk sewers carrying not only the sewage of buildings along the immediate line but receiving also the discharge of other sewers. The main or trunk sewers are necessarily larger and more expensive, and the object of the act of 1895 was to distribute the additional expense among those who profited by it. It would be manifestly unjust to charge property along the line of a main or trunk sewer with the additional expense caused by the necessity of carrying the sewage of other property, and it would be almost as clear an injustice to put the burden of this expense upon the general tax levy in ease of the property of which the existing needs made necessary, or the probable future needs made advisable, the additional expense.

We think the assessment in this case was not in accordance with the statutory provisions, and it must therefore be set aside, with costs.

Since the property is subject to assessment for the sewers, it is the duty of the court, under the act of 1881 (*Gen. Stat., p.* 3404, *pl.* 547), to make a proper assessment. In order that

the city may have an opportunity to apply to the court for the purpose, judgment must not be entered except upon two days' notice to the city authorities.