EDWARD W. BATCHELOR, PROSECUTOR, v. TOWN OF HAM-
MONTON, RESPONDENT.

Submitted December 7, 1911—Decided February 29, 1912.

The statute of 1909 (*Pamph. L., p.* 197) applies to the town of Ham-
monton and repeals so much of its charter as is inconsistent there-
with, and as the statute confers upon the governing body of any
municipality the power to institute proceedings for improvements
named therein without the application of the owners of the lands
affected thereby, it grants an additional power inconsistent with
the charter, which must give way to subsequent legislation, and
the proviso that nothing therein contained shall prevent any gov-
erning body from exercising "powers now conferred" relates to
powers not repealed either expressly or by implication.

On *certiorari.*

Before Justices GARRISON, PARKER and BERGEN.

For the prosecutor, *Chandler & Robertson.*

For the respondent, *Bleakly & Stockwell.*

The opinion of the court was delivered by

BERGEN, J. The writ of *certiorari* in this case was allowed
for the purpose of reviewing an ordinance adopted by the town
council of Hammonton providing for the improvement of por-
tions of certain streets in the town of Hammonton with side-
walks and curbing. The town of Hammonton was incorpo-
rated under a special charter approved March 5th, 1866, and,
subsequently, amended in 1867, under which the common
council was empowered to "lay side and cross walks," upon
the application in writing "by some of the owners of the land
over which such improvement shall pass." The charter
further provides for the appointment of commissioners to
ascertain the cost of the improvement and make assessments
for benefits, and when such commissioners have made their
report to it the common council shall proceed to execute the

improvement unless a remonstrance be filed by the owners of two-thirds of the land assessed. *Pamph. L.* 1866, *pp.* 188, 189. As the ordinance under review undertakes to provide for the putting down of sidewalks without the application of any of the property owners over whose land the improvement is to be made, it is clear that unless by subsequent legislation a method different from that provided for in the charter has been established the common council have exceeded their power in adopting the ordinance complained of.

· The respondent admits that it has not observed the terms of the charter, but relying upon an act of the legislature passed in 1909 (*Pamph. L., p.* 197), has initiated the proceedings under the later act without the application of any of the landowners affected thereby. The act of 1909 makes it "lawful for the governing body of any municipality in this state to improve any road, street, parkway or other public highway therein with suitable curbing, gutters and sidewalks," with the proviso that "nothing herein contained shall prevent any board or governing body from exercising any powers which are now conferred on it by law, but this act shall confer additional authority for carrying out the improvements herein specified."

The question is therefore raised, does the act of 1909 empower the common council of the town of Hammonton to improve the streets of the town with sidewalks and curbing on its own motion without the application of some of the owners of the land over which the improvement passes? We are of opinion that the effect of the act of 1909 is to confer upon the common council of all municipalities the power to improve streets by curbing and laying sidewalks without the application required in the special charter of the town of Hammonton, and if the act is applicable to that town, would repeal all contrary provisions contained in its charter. That the legislature has the power to authorize the initiation of improvements by the common council of a municipality without being incited thereto, or authorized by the written application of landowners affected, is not disputed by the prosecutor, but he insists that because the act of 1909 provides that nothing therein contained shall prevent any governing body from ex-

ercising powers now conferred, the additional powers conferred by this statute cannot be exercised, and therefore all street improvements made in Hammonton must follow the procedure prescribed by its charter. This construction of the statute is, we think, unsound, for the institution of improvements of this character by the common council without the interference or application of the landowners is an additional power given inconsistent with that contained in the charter, and if so, the charter must give way to the later legislation, for it cannot be assumed that the legislature intended municipalities to have the option of two different methods in the commencement of improvement proceedings. *Oakes* v. *Glen Ridge,* 31 *Vroom* 130; *Smith* v. *Hightstown,* 42 *Id.* 536.

The powers, the exercise of which are not prevented, must be those which are not repealed either expressly or by implication, and as the act of 1909 does not provide the method of ascertaining and assessing the cost of the improvement, each municipality may proceed to exercise the power conferred upon it to accomplish that necessary result.

We think the law of 1909 applies to the town of Hammonton, and that under it proceedings of the character complained of may be instituted by the common council without the application of landowners as required by its special charter, and that therefore the proceedings under review are not erroneous in the particular complained of. The result is that the proceedings under review should be affirmed.